UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
COLUMBIAN MUTUTAL LIFE INSURANCE
COMPANY,

                                        **REPORT AND RECOMMENDATION**
                                                **& ORDER**
             Plaintiff,                    **23 CV 6796 (DG)(LB)**

   -against-

MICHELLE WILLIAMS, SHUNDELL WILLIAMS,
ADOLA SEON, and
ALL BORO CREMATION SERVICES LLC,

             Defendants.
-----------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

     The Court held a telephone status conference on March 21, 2024. Jay Kenigsberg represented plaintiff. Defendants Michelle Williams, Shundell Williams, and Adola Seon appeared *pro se*.

     Plaintiff confirmed that it produced Leon Williams' complete claim file to defendants pursuant to the Court's February 15, 2024 Order. Plaintiff also confirmed that it had deposited an additional $418.23 with the Clerk of Court,[1] bringing the total deposited with the Court to $11,084.39, which is the total of Leon Williams' policy proceeds. Defendants shall promptly complete and return the attached Pro Se Registration and Consent for Electronic Service of Orders forms to the Court. Defendants shall also promptly write to the Court to provide their current addresses. Plaintiff's counsel is respectfully directed to serve a copy of this Order on defendants by email and file proof of service forthwith.

     Plaintiff commenced this statutory interpleader action on September 12, 2023 seeking an order discharging it from liability and enjoining litigation against it in connection with the disputed proceeds ("Death Benefit") of a life insurance policy ("Policy") taken out by Leon Williams in 2018. With the Court's leave, plaintiff deposited the Death Benefit with the Clerk of Court. ECF No. 18. On February 15, 2024, the Court directed defendants to show good cause why plaintiff's request for interpleader relief, ECF No.

---

[1] This is for a loan taken out against the subject policy, which has now been waived by plaintiff.

1

24, should not be granted by March 6, 2024. No responses were filed.

For the reasons stated on the record at the conference yesterday and set forth in the Court's January 18, 2024 Order, ECF No. 21, it is respectfully recommended that plaintiff's request for interpleader relief should be granted. The Court should restrain and enjoin the defendants from instituting any action against Columbian Mutual and/or its agents with respect to the subject life insurance Policy and/or for the recovery of the Death Benefit or any part thereof. It is further recommended that Columbian Mutual should be discharged from any and all liability arising out of the Policy and Death Benefit. Columbian Mutual should be dismissed with prejudice from this action. A transcript of yesterday's conference shall be made part of the record.

As reflected on the record at yesterday's conference, the parties shall have fourteen days from March 21, 2024, the date the recommendation was made on the record, to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: March 22, 2024
      Brooklyn, New York